**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ISMET SONMEZ (A No. 098-496-748),

Petitioner,

v.

ALBARRAN, et al.,

Respondents.

Case No. 1:26-cv-02457-JLT-EGC

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE

(Doc. 1.)

Ismet Sonmez is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DENIES** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Turkey. He immigrated to the United States on January 4, 2025. (Doc. 6-1 at 1–3.) Upon entry, Customs and Border Protection encountered the Petitioner, arrested him, and processed him for expedited removal under 8 U.S.C. § 1225(b)(1). (*Id*. at 2–3.) The Department of Homeland Security subsequently issued him a Notice and Order of Expedited Removal. (Doc. 6-2 at 1.) On February 20, 2025, Petitioner underwent a credible fear interview and the asylum officer found that Petitioner presented a credible fear of persecution if removed to

his home country of Turkey. (*See* Doc. 6-3 at 1–6.) As a result of this credible fear determination, DHS vacated Petitioner's expedited order of removal pursuant to 8 C.F.R. § 208.30. (*See* Doc. 6-4 at 1.) DHS then issued a Notice to Appear placing Petitioner into standard removal proceedings and charged him as removable under Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (*Id*.) Petitioner has remained in DHS custody since his initial entry on January 4, 2025, for approximately twenty months now. (*See* Doc. 6 at 2.) Petitioner remains detained at the California City Detention Facility. (*See* Doc. 1 at 2.)

On July 7, 2026, an Immigration Judge ordered Petitioner removed to Turkey, denied Petitioner's application for asylum and withholding of removal under INA § 241(b)(3), but granted Petitioner's request for withholding of removal under the Convention Against Torture, finding it more likely than not that Petitioner would be tortured if removed to Turkey. (Doc. 16-1 at 6, 8, 10.) Petitioner had until August 6, 2026, to file an appeal of that determination to the Board of Immigration Appeals (*id*. at 10) but chose not to do so. (Doc. 26 at 2); *see* 8 C.F.R. § 1003.38(b)(2) ("In cases where an Immigration Judge has adjudicated an asylum application . . ., the Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26) shall be filed directly with the Board within 30 calendar days of the Immigration Judge's decision."). As a result, Petitioner's order of removal is now final. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

Respondents initially argued that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(1) as an applicant for admission with no substantive right to a bond hearing. (*See* Doc. 6 at 3–10.) However, given Petitioner's final order of removal, Respondents now argue that Petitioner is subject to a mandatory ninety-day removal period pursuant to 8 U.S.C. § 1231(a)(2). (*See* Doc. 17.) By contrast, Petitioner argues that he is entitled to a bond hearing under § 1225(b)(1) because his detention has become unduly prolonged, (Doc. 1 at 6–11), and that because he was granted CAT withholding of removal, "he cannot be removed to his country of removal," "has prevailed on the merits of his claim," and "support's [his] request for

immediate release from custody." (Doc. 16 at 2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Petitioner claims that because he was granted withholding of removal, he cannot be removed to his country of origin and has thus established success on the merits, entitling him to immediate release. (Doc. 16 at 2.) However, Petitioner cites no support for this proposition. (*Id.*) To the contrary, the Supreme Court has found that noncitizens with reinstated orders of removal are subject to mandatory detention under § 1231 and are not entitled to individualized bond hearings under § 1226, despite awaiting a determination on a withholding of removal application. *Johnson v. Guzman Chavez*, 594 U.S. 523, 535–542 (2021). As the Supreme Court best explained:

> Here, the statute makes clear that removability and withholding relief are distinct, and we decline to ignore the plain import of the statutory text in favor of on-the-ground statistics about the feasibility of removal to a third country.
>
> Indeed, respondents' argument—that the decision about whether an alien "is to be removed" remains "pending" for purposes of § 1226 until DHS is certain that it will be able to carry out that removal—is at odds with the statutory text of § 1231 and our decision in *Zadvydas*. To begin, it is not plausible that an alien is detained under § 1226 instead of § 1231 while DHS resolves any practical problems associated with the execution of a removal order because § 1231, not § 1226, is part of the INA that anticipates and addresses those problems. For example, § 1231(a)(1)(C) extends the removal period if the alien fails to timely apply for travel documents and therefore cannot be removed to the relevant country. Section 1231(c)(2)(A) authorizes DHS to stay the immediate removal of certain aliens if it decides that immediate removal "is not practicable or proper." And § 1231(a)(3) allows for supervised

> release after the 90-day removal period expires "[i]f the alien does not leave or is not removed" during that time period. Those provisions would be unnecessary if questions of how and where an alien is to be removed were bound up in whether the alien was removable at all under § 1226.

*Johnson*, 594 U.S. at 537–38. The Court finds that this reasoning applies to the present case and that § 1231 governs Petitioner's detention. *See id*.

Petitioner was ordered removed on July 7, 2026, (Doc. 16-1 at 10), and did not file an appeal within the thirty-day window, (Doc. 26 at 2), thus his order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c). Though Petitioner cannot be removed to Turkey, (Doc. 16-1 at 8, 10), that does not otherwise vacate Petitioner's order of removal. *Johnson*, 594 U.S. at 536 ("If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the alien *to* that particular country, not *from* the United States. The removal order is not vacated or otherwise set aside. It remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute.") (emphasis in original).

As such, the Court finds that Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) and that he is subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A).[1] *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner—who failed to appeal the IJ's grant of voluntary departure—was subject to mandatory detention pursuant to an alternative final order of removal and thereby denying habeas relief).

---

[1] Petitioner's order of removal became final on or around August 6, 2026, when he failed to appeal his July 7, 2026, order of removal within thirty days. 8 C.F.R. § 1241.1(c); 8 C.F.R. § 1003.38(b)(2); (Doc. 16-1 at 10; Doc. 26 at 2). In the event Petitioner's detention becomes unreasonably prolonged under § 1231, Petitioner may raise a *Zadvydas* challenge at that time. *See Zadvydas v. Davis*, 533 U.S. 678, 683, 701 (2001). Additionally, to the extent Petitioner argues that "he cannot be removed to his country of removal," he does not raise a third-country removal challenge. (Doc. 16 at 2); *see* 8 C.F.R. § 1240.12(d) ("In the event that the Department of Homeland Security is unable to remove the alien to the specified or alternative country of countries, the order of the immigration judge does not limit the authority of the Department of Homeland Security to remove the alien to any country as permitted by section 241(b) of the Act."); 8 U.S.C. § 1231(b); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) ("In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country.") (quoting *Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016)). Thus, the Court declines to address any such claims.

Additionally, Petitioner's claim that he is entitled to a bond hearing based on prolonged detention under § 1225(b)(1) (Doc. 1 at 6–11) is now moot because the detention authority has shifted to § 1231. *See Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016) ("A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231."). Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1225(b)(1) or whether that detention violated due process as unduly prolonged. *See Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
2. The Clerk of Court is directed to **CLOSE THE CASE.**

IT IS SO ORDERED.

Dated: September 1, 2026

UNITED STATES DISTRICT JUDGE